# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SITEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1498 SNLJ |
| | ) | |
| GLEN BOYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that in July 2014 two Unknown Jefferson County Sheriff Deputies assaulted him pursuant to an arrest using excessive force. He claims that they beat him so badly that they broke several ribs and caused a pneumothorax injury. He also claims that he suffered nasal fractures, facial fractures, and contusions. He says they took him to St. Anthony's Hospital where he incurred $35,000 in bills. He seeks monetary damages.

## Discussion

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff has not made sufficiently specific allegations to permit the identity of the unknown deputies to be ascertained after reasonable discovery. Moreover, at this time, plaintiff has not named any defendant as to whom this case can go forward. So, there is no opportunity for plaintiff to conduct discovery into the unknown deputies' identities. Therefore, the claims against the unknown deputies may not proceed at this time.

Plaintiff has named the Sheriff and other deputies with the Department as defendants. However, he has not alleged that they were involved in the incident. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."). Because plaintiff has failed to alleged that these defendants were involved in the assault, the complaint fails to state a claim against them.

Because plaintiff is proceeding pro se, and the allegations in the complaint are serious, the Court will allow plaintiff to file a second amended complaint. **Plaintiff must cure the defects in the amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the previous complaint, and so he must include each and every one of his claims in the second amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. If plaintiff fails to follow the instructions in this paragraph, the Court may dismiss the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] The Clerk filed the motion as part of the amended complaint. [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit a second amended complaint within twenty-eight (28) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will summarily dismiss this action.

Dated this 16th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE