# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SITEK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1498 SNLJ |
| NICHOLAS FORLER, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's third amended complaint. Plaintiff sues defendants under 42 U.S.C. § 1983 for alleged excessive force during an arrest. After reviewing the complaint, the Court finds that process should issue on defendants Nicholas Forler and Scott Poe.

**I.     Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## II. The Complaint

On July 26, 2014, deputies of the Jefferson County Sheriff's Department knocked on the door of a residence in which plaintiff David Sitek was located to investigate possible drug activity. Plaintiff exited the back door of the residence. Defendant Nicholas Forler, a deputy with the Jefferson County Sheriff's Department, pursued him in a foot chase a short distance. Plaintiff alleges he ceased running, turned toward Forler, and made no attempt to resist arrest. Plaintiff claims Forler sprayed him in the face with mace and tackled him to the ground. Plaintiff alleges that after he was subdued Forler hit him several times in the face with a metal object, presumably Forler's metal baton. Plaintiff further alleges that defendant Scott Poe, also a deputy with the Jefferson County Sheriff's Department, arrived on the scene and delivered knee strikes to his rib cage. He alleges he was then handcuffed, dragged to a squad car, and lost consciousness.

Plaintiff was admitted to St. Anthony's hospital and treated for injuries he alleges he sustained during the arrest. Plaintiff claims to have suffered several broken ribs, a laceration in his right inner ear, a collapsed right lung, bruising, bleeding, swelling, and significant pain. His medical bills total approximately $35,000.00. Plaintiff claims that, as a result of the defendants' unreasonable and excessive force, he suffers from psychological and emotional distress and has been diagnosed with post-traumatic stress disorder.

## III. Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The right to be free from excessive force in the course of an arrest by law enforcement officials is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizure of the person. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The third amended complaint states a plausible claim for relief against defendants Forler and Poe. Therefore, the Court will direct the Clerk to serve process on these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Nicholas Forler and Scott Poe.

Dated this <u>18th</u> day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE